IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Commonwealth of Virginia<br>    ex rel. Target Corporation,<br><br>    v.<br><br>Michael John Star,<br><br>    Defendant. | )<br>)<br>)<br>)   1:19-cv-202 (LMB/JFA)<br>)   (GC-18002912)<br>)<br>)<br>) |

ORDER

Before the Court is a pleading from pro se defendant Michael John Star seeking to remove his Virginia criminal case pending in the city of Alexandria to this court [Dkt. No. 1]. Removal of a criminal case is only proper if a defendant meets the substantive requirements of 28 U.S.C. § 1443. That statute provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Defendant does not satisfy the requirements of either section. As for § 1443(2), the Supreme Court has stated that removal under that section "is available only to state officers." Greenwood v. Peacock, 384 U.S. 808, 824 n.22 (1966). As defendant does not allege that he has "conducted or assisted official conduct," Virginia v. El, No. 3:16-cv-128, 2016 WL 4507814, at *5 (E.D. Va. Aug. 26, 2016), he is precluded from seeking removal under § 1443(2); therefore, he must demonstrate that removal is appropriate under § 1443(1).

A "[p]requisite to a removal of a pending criminal prosecution under 28 U.S.C.A. § 1443(1) is a showing that the defendant is being denied rights guaranteed under a federal law providing for specific civil rights stated in terms of racial equality." South Carolina v. Moore, 447 F.2d 1067, 1070 (4th Cir. 1971) (internal quotations omitted). Defendant has identified three federal defenses he wishes to raise: first, that he was never read his Miranda rights in violation of the Fifth Amendment; second, that he was not able to present witnesses during a preliminary hearing in state court in violation of the Sixth Amendment; and third, that the sections of the Virginia Code under which he was charged are ambiguous in violation of the Fourteenth Amendment. Defendant does not "identify any law of general application from which it can be clearly predicated that he would not be able to enforce specified federal rights during his state prosecution," Virginia v. Smalls, No. 3:18-cv-187, 2018 WL 1950437, at *2 (E.D. Va. Apr. 25, 2018); therefore, "vindication of the defendant's federal rights" will be "left to the state courts." Greenwood, 384 U.S. at 827-28. Accordingly, it is hereby

ORDERED that this matter be and is REMANDED to the state court.

The Clerk is directed to forward a copy of this Order to defendant, pro se.

Entered this 21st day of February, 2019.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge